## CARGILL versus WALKER.

The vendee of personal property will not be permitted to defend against the consideration of the purchase money, by a mere allegation, that he has been deprived of the property by another, whose title is not shewn to have been superior to his own—and which title he would not defend, because the vendor's agent refused to execute a bond of indemnity.

In error from Dallas Circuit Court.

This was an action of debt instituted by Cargill to recover the amount of a note given for the purchase of a slave; which having been levied on, as of the the estate of one Outlaw, it was proposed by the defendant, to the agent of the plaintiff, that if the latter would execute a bond of indemnity, the former would defend the claim; which having been declined, the slave was sold. The defendant having defended against the note on these grounds, obtained a verdict; to reverse which, the cause was brought to this Court.

TAYLOR, J.—By the bill of exceptions it appears, that on the trial in the Circuit Court, it was proved that the consideration of the note, on which the action is founded, was the purchase of a negro by the defendant of the plaintiff, which negro the plaintiff had previously purchased of one Alexander S. Outlaw. It was further proved by the production of the execution, and the return of the sheriff thereon, in connection with his oral testimony, that the said negro was sold after the sale and delivery to the defendant and the execution of the note sued on, to satisfy a judgment creditor of the said Alexander S. Outlaw: that Uriah G. Mitchell was the agent of the plaintiff, who

resided in the State of Mississippi, and that the defendant proposed to the said Mitchell, after the negro was levied on, and before the sale, that if Mitchell would indemnify the defendant, he would claim the negro, make the necessary affidavit, &c. and have a trial of the right of property, as authorised by the statute; but Mitchell refused to give the indemnity required, and the defendant was deprived of the negro by the levy and sale by the sheriff. It was also proved, that there was an express warranty of title made by the plaintiff to the defendant.

"On these facts, the Court instructed the jury, "that if they were of opinion that Mitchell was the "general agent of the plaintiff, and that the negro had "been levied on as it had been testified, and that "the defendant proposed to said Mitchell, if he "would indemnify him, that he would litigate the "right to the negro, at law, and he refused to give "the indemnity, and the negro was sold under the "levy; that the offer to claim upon indemnity being "given, was tantamount to an offer to return the "negro, so far as to permit the deprivation of the "possession of the defendant, of the slave, to be giv- "en in evidence in defence of the action. And if "they were of opinion the facts supposed were true, "they should find a verdict for the defendant."

It is undoubtedly true, that the offer made by defendant, to contest the right of the sheriff to sell under the executions, upon receiving indemnity, was equivalent to an offer to return the negro to the plaintiff; but would an offer to return, with the other facts set out in the bill of exceptions, form a defence? It does not appear whether the executions had come to the sheriff's hands before the sale by the plaintiff

to the defendant, nor does it seem that the instructions of the Judge contemplated the case of a lien effected by the executions, but they convey the idea that the assertion of title in Outlaw by the sheriff in making his levy, authorised the defendant to call upon the plaintiff to refund the consideration, and rescind the contract. This certainly is not the law. Had the defendant been sued by a third person, who claimed title to the negro, he might have given notice of the pendency of the action to the plaintiff, and called upon him to make defence, and, in the event of a recovery against him, the judgment would have been evidence in defendant's favor, when sued for the consideration. But suppose upon claim made by this third person, the defendant had given notice to the plaintiff, that if he would indemnify him he would not deliver the negro up without suit, otherwise he would, and indemnity was refused, and the negro delivered up; would this of itself form a defence in an action for the consideration agreed to be paid, without proof of title in the third person? I think not. So here, if the defendant had claimed the property, given bond &c., and upon the trial there had been a recovery, he having given notice to the plaintiff to defend on the trial of the right of property, could have used the judgment in that case in his defence when sued on the note given for the consideration.

Suppose there had been a warranty of soundness, and the defendant, believing the negro to be unsound, had given notice of that fact to the plaintiff and offered to return him; when sued upon the note, proof of this would not have formed a defence, but it would have devolved upon him to satisfy the jury

29

by testimony to the fact, that the negro was unsound, and thus have shown a breach of the warranty. The warranty in this case was not against the *claim of title* by another, but against the validity of that title; · therefore, without proof that such title was good, no breach of the warranty was shown.

The judgment must be reversed, and the cause remanded. ·